[Crim. No. 6079.   In Bank.   Sept. 13, 1957.]

In re LAWRENCE W. STOLIKER, on Habeas Corpus.

Lawrence W. Stoliker, in pro. per., and Robert K. Barber, under appointment by the Supreme Court, for Petitioner.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

SPENCE, J.—In this habeas corpus proceeding petitioner seeks his transfer from the custody of the warden of the state prison at Folsom to the custody of the federal authorities in order that he may serve his sentence under his federal judgment of conviction and thereby gain the benefit of the provision of his state judgment of conviction relating to the concurrent running of his sentences.

Petitioner was arrested in this state on a charge of robbery. Shortly thereafter he was delivered by the state authorities to the federal authorities for trial on two federal charges involving the receiving of, and failure to register, a machine gun. On March 3, 1955, he was convicted on two counts in the United States District Court for the Southern District of California, Central Division, in proceeding numbered "24096 —Criminal." On March 14, 1955, judgment was pronounced imposing two five year consecutive sentences and he was "committed to the custody of the Attorney General or his authorized representative for imprisonment." The federal judgment further provided: "It Is Further Ordered said sentences to run consecutively with any sentence imposed by any other court, for any other offense."

Petitioner was then redelivered to the state authorities. He was arraigned in the state court on April 7, 1955, on two counts of armed robbery. After pleading guilty, he was sentenced on May 12, 1955. At the proceeding for sentence the trial judge was informed of the prior federal judgment of conviction, and it was urged that petitioner's state sentences be made to run concurrently with his federal sentence. The sentences on the two robbery counts were then ordered by the trial judge to run consecutively, and the two consecutive sentences to run "concurrently with any other sentence to which he is now subject." The minute order entered by the clerk reads: "Sentences as to Counts 1 and 2 are ordered to run Consecutively and are ordered to run concurrently with any other sentence now serving."

Petitioner contends that he should be transferred to the federal authorities for the purpose of serving his federal sentence in order that the portion of his state judgment of conviction providing that his state sentences should run concurrently with the federal sentence may be made effectual and not be nullified. We are of the opinion that petitioner's contention should be sustained.

While the provision of the federal sentence that it should run "consecutively with any sentence imposed by any other

court, for any other offense," might be construed to include future convictions, the propriety of such a construction to petitioner's prejudice would be questionable. ■ Interpretations resulting in concurrent sentences when imposed by the same court are favored over those which make sentences run consecutively (*In re Radovich,* 61 Cal.App.2d 177 [142 P.2d 325]; 70 A.L.R. 1511, 1512), and section 669 of the Penal Code "permits the imposition of concurrent sentences when a defendant is convicted of two or more crimes . . . *in different proceedings or courts"* (*In re Roberts,* 40 Cal.2d 745, 749 [255 P.2d 782], emphasis added).

■ The attorney general contends that petitioner is not entitled to the relief sought as "he is presently confined under a due and valid judgment of the Los Angeles Superior Court." The validity of the judgment, however, is conceded by petitioner and he does not seek to escape the burden thereby imposed upon him. His purpose in instituting this proceeding is merely to obtain the benefits of the concurrency provisions of his state judgment of conviction, the validity of which concurrency provisions is not challenged by the attorney general. It is also apparently urged by the attorney general that the concurrency provisions related only to any other sentence which petitioner was then "serving" and that petitioner was not "serving" any other sentence at that time. A reading of the entire record at the sentence proceeding clarifies any possible ambiguity in that regard as the federal sentence was brought to the attention of the trial judge who then ordered the state sentences to run "concurrently with any other sentence to which he is now subject." It is, of course, conceded that petitioner was then "subject" to the federal sentence.

The attorney general further argues that *People* v. *Tucker,* 127 Cal.App.2d 436 [273 P.2d 934], holds that section 669 cannot apply to federal sentences. The trial court, however, had made no attempt there to make the sentences run concurrently, no evidence was introduced on the federal conviction, and no reasons were given by the court why state and federal sentences might not be made to run concurrently in a proper case. The opinion in that case is therefore not persuasive in the determination of the present case.

While it has been indicated that the first sentence must be for an offense which would be a crime in California (*In re Sichofsky,* 201 Cal. 360, 364 [257 P. 439, 53 A.L.R. 615]), that requirement is met here since petitioner's unlawful pos-

session of the machine gun would have rendered him subject to prosecution in the state court. (Pen. Code, § 12220.)

Apparently under the federal rules the computation of time on a federal sentence begins to run only from "the date on which [the prisoner] is received at the penitentiary, reformatory or jail for service of [the] sentence." (*Zerbst* v. *McPike,* 97 F.2d 253, 254; see also 18 A.L.R.2d 511, 514-516.) Therefore petitioner's continued imprisonment in the state prison will compel his serving his state and federal sentences consecutively although the sole judgment of conviction under which he is now held in the state prison clearly provides that these sentences be served concurrently. We have therefore concluded that petitioner is entitled to have his custody transferred to the federal authorities. ■ It is well established that habeas corpus is the proper remedy to secure confinement under the proper authority. (*Ex parte McGuire,* 135 Cal. 339 [67 P. 327, 87 Am.St.Rep. 105]; *In re Mayen,* 49 Cal. App. 531 [193 P. 813].)

It is ordered that the warden of the state prison at Folsom deliver petitioner into the custody of the Attorney General of the United States or his authorized representative, as directed in petitioner's federal judgment of conviction dated March 14, 1955, in *United States of America* v. *Lawrence W. Stoliker,* Number 24096—Criminal, in the United States District Court for the Southern District of California, Central Division, for the purpose of serving his sentence under that federal judgment of conviction.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J., concurred.

Respondent's petition for a rehearing was denied October 8, 1957.