[Crim. No. 3205.   Third Dist.   May 11, 1961.]

In re HARRY C. McCLURE on Habeas Corpus.

Harry C. McClure, in pro. per., for Petitioner.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and C. Michael Gianola, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Petitioner McClure seeks a writ of habeas corpus to secure his transfer from the custody of the Superintendent of the California Medical Facility at Vacaville to the custody of federal authorities so that he may serve his sentence under a federal judgment and thereby gain the benefit of the provision in a state judgment that the state judgment run concurrently with any prior uncompleted sentences. (Since the filing of the petition McClure has been transferred to Folsom Prison.)

In 1957 McClure was convicted in the United States District Court in Los Angeles of a violation of the Dyer Act. He was released on parole April 21, 1960. In December 1960, he was convicted of the crime of forgery in the Superior Court in and for the City and County of San Francisco. The judgment provided that the sentence was to run coucurrently with all prior uncompleted sentences. McClure was sent to Vacaville. He was there informed by the federal authorities that the United States Board of Parole would not designate a California prison as an institution for the concurrent service of both the federal and state sentences. On August 19, 1960, a warrant was issued by the federal authorities for the arrest of McClure and for his return to federal control by reason of his violation of the conditions of the federal parole. This warrant has not been executed because of the current imprisonment of McClure under the California judgment.

Petitioner is entitled to the relief he seeks. In the case of *In re Stoliker*, 49 Cal.2d 75 [315 P.2d 12], such relief was granted in a similar situation. On the authority of that decision the writ must be granted. Of course petitioner is not entitled to release; he is entitled only to be transferred to the custody of the federal authorities in order that while serving his sentence imposed by the federal court he may receive the benefit of the provision in the California judgment that the imprisonment thereby inflicted shall run concurrently with the federal judgment.

The writ is granted and it is ordered that the warden of the State Prison at Folsom deliver petitioner into the custody of the Attorney General of the United States, or his authorized representative, for the purpose of serving his sentence under the federal judgment of conviction.

Peek, J., and Schottky, J., concurred.