[Crim. No. 3359.   Third Dist.   Oct. 9, 1962.]

In re ANDREW E. POPE on Habeas Corpus.

Andrew E. Pope, in pro. per., for Petitioner.

Stanley Mosk, Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—This is a motion by the Attorney General of the State of California to dismiss a petition for a writ of habeas corpus filed by Andrew E. Pope on the ground that the matter is moot.

Pope filed a petition for a writ of habeas corpus in this court in which he alleged that he was convicted in April 1955 of

violation of section 476a of the Penal Code. The judgment was ordered to run "concurrently with any sentence heretofore imposed." Prior to the time the state judgment was imposed Pope had been convicted in a federal court of juvenile delinquency and assisting in causing a mutiny in a federal prison. He had been given a conditional release by the federal authorities. He violated the terms of his parole, and at the time of the imposition of the California judgment a federal warrant was outstanding against Pope for his arrest and return to the custody of the federal authorities to serve the remainder of his sentence. Pope seeks a transfer to the federal authorities so that the state judgment will run concurrently with the federal one. Under the federal rules the computation of time on a federal sentence begins to run only from the date on which the prisoner is received at the federal penitentiary for service of his sentence. (*Zerbst* v. *McPike,* 97 F.2d 253, 254.) ▊ It is the rule in this state that a prisoner confined to state prison under a judgment of conviction in a state court is entitled to be transferred to the custody of federal authorities to serve his sentence under a prior federal judgment of conviction so that the prisoner may gain the benefit of the provision of a state judgment subsequently entered which orders that the state sentence be served concurrently to any other sentence now outstanding where the federal judgment has been brought to the attention of the trial court. (*In re Stoliker,* 49 Cal.2d 75 [315 P.2d 12].)

Upon this statement of facts this court issued an order to show cause why a writ of habeas corpus should not issue. ▊ The basis of the motion to dismiss by the Attorney General of California is that the Federal Bureau of Prisons "have" designated the California state institution for service of the federal sentence.

Section 4082 of title 18 of the United States Code Annotated permits the Attorney General of the United States to "designate any available, suitable, and appropriate institutions, whether maintained by the Federal Government or otherwise," as the place where the sentence of a federal prisoner may be served.

It is clear that if a California penal institution were designated as such an institution in compliance with the section Pope would be obtaining all the relief to which he would be entitled and the matter could be dismissed. However, the letter upon which the Attorney General of the State of Cali-

fornia relied merely stated: "The Federal Bureau of Prisons will designate the California State institution for service of the Federal sentence."

At the oral argument on the motion to dismiss, this court pointed out to the Attorney General of the State of California that the letter stated a California institution would be designated for service of the federal sentence and that before this court would be justified in dismissing the petition for habeas corpus as moot there must be filed with the court a certified copy of a document showing that such an order had been made.

Since that time documents have been filed with this court which disclose that the section has been complied with and that the time served by Pope in the California institution will apply on his federal sentence. Since Pope is now receiving all the relief to which he is entitled the proceedings are moot. The order to show cause heretofore issued is discharged and the petition is dismissed.

Peek, P. J., and Pierce, J., concurred.