[Crim. No. 4557.   First Dist., Div. Three.   May 19, 1964.]

In re ROBERT TURNER ALTSTATT on Habeas Corpus.

306

Robert M. Brilliant, under appointment by the District Court of Appeal, for Petitioner.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Michael J. Phelan, Deputy Attorneys General, for Respondent.

DRAPER, P. J.—▮▮ Petitioner, serving a term in San Quentin prison for robbery, seeks by this habeas corpus proceeding to compel his transfer to custody of federal authorities in order that his terms may run concurrently for the some 487 days remaining to be served on his federal sentence.

In 1958, he was convicted in the United States District Court, San Diego, of smuggling marijuana (21 U.S.C. § 176a). He was sentenced to five years in federal prison, was paroled in 1962, and soon was arrested for robbery. He was found guilty in superior court, probation was denied, and he was sentenced to state prison for the term prescribed by law, i.e., not less than five years. The federal conviction was charged and admitted, the issuance of a federal "hold" or "detainer" is described in the probation report, and the sentencing superior judge concededly knew of both. His judgment, however, does not provide that the two sentences shall be served either concurrently or consecutively.

If the state court sentence expressly provided that it should run concurrently with the federal sentence, petitioner would be entitled to transfer to federal custody as the sole means of effecting such concurrency (*In re Stoliker*, 49 Cal. 2d 75 [315 P.2d 12]; *In re McClure*, 192 Cal.App.2d 38 [13

Cal.Rptr. 298]; see also *People* v. *Massey,* 196 Cal.App.2d 230, 236-239 [16 Cal.Rptr. 402]).

In the absence of express direction in the later judgment, the term of imprisonment on a second conviction "whether in the same . . . court or in different . . . courts" shall run concurrently with the term to be served on the earlier conviction (Pen. Code, § 669). Our question is whether the statute applies when the first sentence is by a federal court, or only when it is by a California court. *Stoliker, McClure* and *Massey* dealt with state court judgments expressly directing concurrency, and thus did not reach our issue.

In statutory construction, the interpretation resulting in concurrent sentences is favored (*In re Stoliker, supra,* p. 77; *In re Patton,* 225 Cal.App.2d 83, 89 [36 Cal.Rptr. 864], and cases there cited). The express application of section 669 to conviction in "different proceedings or courts" has been judicially noted (*In re Stoliker, supra* at p. 77; *In re Roberts,* 40 Cal.2d 745, 749 [255 P.2d 782]), and reasonably warrants the interpretation urged by petitioner. Moreover, that construction comports with the legislative trend (see *In re Radovich,* 61 Cal.App.2d 177 [142 P.2d 325]). For more than 30 years, trial judges have been aware of the rule that silence imports concurrency. It seems late to exclude from application of the rule an unexpired term, the existence of which is fully known to the sentencing judge, merely because it was imposed by another jurisdiction.

We are unimpressed by respondent's argument that a recent code amendment (Stats. 1963, ch. 1856, amending Pen. Code § 2900) indicates a change in legislative intent. That amendment merely directs that when the "California court orders that the California sentence shall run concurrently" with a sentence already being served elsewhere, the Director of Corrections shall designate a prison in the other jurisdiction for delivery of the prisoner to commence his California sentence. It facilitates and implements concurrency, and significantly fails to limit the provision of section 669 that silence is deemed to effect that result.

Respondent contends that section 669 applies only when the first sentence is for an offense which would be a crime in California, citing language of one decision (*In re Sichofsky,* 201 Cal. 360, 364 [257 P. 439, 53 A.L.R. 615]). A later Supreme Court decision (*In re Stoliker, supra,* 49 Cal.2d 75, 77) says only that such a rule "has been indicated" by *Sichofsky,* but we need not determine the question. Petition-

er's 1958 federal offense was importation of marijuana (21 U.S.C. § 176a), a crime then (Health & Saf. Code, §§ 11500, 11001) and now (Health & Saf. Code, § 11531) punishable under California law.

Petitioner also asserts that the state court was without jurisdiction to try him in 1962 because he was then in federal custody. The Attorney General of the United States has power to surrender a prisoner to state officers, and since there is no proof to the contrary, it will be presumed that such consent was given (*In re Roberts, supra*, 40 Cal.2d 745, 748; see also *People* v. *Stoliker*, 192 Cal.App.2d 263 [13 Cal. Rptr. 437]).

It is ordered that the warden of the state prison at San Quentin deliver petitioner to the custody of the Attorney General of the United States for the purpose of serving his sentence under the federal judgment of conviction.

Salsman, J., and Devine, J., concurred.