[Crim. No. 3779.    Third Dist.    Aug. 3, 1965.]

In re FRED C. PORTWOOD on Habeas Corpus.

Fred C. Portwood, in pro. per., and Alfred B. McKenzie, under appointment by the District Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, Doris B. Maier, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

FRIEDMAN, J.—Petitioner is a prisoner at Folsom State Prison. He seeks a writ of habeas corpus to secure his delivery to the prison authorities of Texas, there to complete a partially served Texas sentence.

Petitioner was paroled from a Texas prison in September 1959 with 2 years, 10 months and 25 days of a robbery sentence yet unserved. Less than five months later, on March 23, 1960, he was sentenced by the San Diego Superior Court on one count of first degree robbery and two counts of assault with a deadly weapon. Meanwhile, on March 10, 1960, the Texas authorities revoked his parole and indicated that he was "wanted" as a parole violator.

At the time of sentencing petitioner the San Diego judge was aware of the incompleted Texas sentence. In sentencing petitioner the judge signed a printed form of judgment with typed insertions. We quote from that judgment, italicizing the typed insert: "It is ordered that sentences shall be served in respect to one another as follows *And that the sentence in this case shall run concurrently with*

(Note whether concurrent or consecutive as to each count);

*relation to Counts Nos. 1, 2 and 3, and as to each other.* and in respect to any prior incomplete sentence(s) as follows:

(NOTE whether concurrent or consecutive as to all incomplete sentences from other jurisdictions);"
We note particularly that the trial judge did not make any entry in the last blank space.

Apparently, under Texas law, petitioner cannot receive Texas credit for time served under a California judgment entered following the imposition of the Texas sentence. (*Ex parte Spears*, 154 Tex.Crim.Rep. 112 [235 S.W.2d 917, 18 A.L.R.2d 507].) He contends that under California law and by the legal effect of the California judgment, he will be

entitled to California credit for time served in Texas; hence, his effort to gain readmission to the Texas prison system.

■ Under the so-called *"Stoliker* rule" established by California case law, a California prisoner is entitled to be made available for delivery to the prison authorities of another jurisdiction, if his California commitment expressly decrees that the California sentence shall run concurrently with an unexpired sentence in the other jurisdiction. (*In re Stoliker,* 49 Cal.2d 75 [315 P.2d 12] ; *People* v. *Massey,* 196 Cal. App.2d 230, 236-239 [16 Cal.Rptr. 402] ; *In re McClure,* 192 Cal.App.2d 38 [13 Cal.Rptr. 298].) ■ Recently, *In re Altstatt,* 227 Cal.App.2d 305 [38 Cal.Rptr. 616], extended the *Stoliker* rule to cover situations where the California commitment was silent on the subject of concurrency with the sentence in the other jurisdiction. That decision, with which we concur, was based upon Penal Code section 669, which provides that in the absence of express direction in the later judgment, the term of imprisonment on a second conviction shall run concurrently with the term to be served on the earlier conviction. As the court observed: "For more than 30 years, trial judges have been aware of the rule that silence imports concurrency. It seems late to exclude from application of the rule an unexpired term, the existence of which is fully known to the sentencing judge, merely because it was imposed by another jurisdiction." (*In re Altstatt, supra,* 227 Cal.App.2d at p. 307.)

The San Diego judgment demonstrates that the sentencing court advisedly decreed concurrency of the three California counts and advisedly omitted any provision on the time relationship between the California and Texas sentences. ■ By force of Penal Code section 669, petitioner's California sentence runs concurrently with the unexpired portion of his Texas sentence. He is thus entitled to be made available for delivery to the Texas authorities, so that the remaining time under his Texas sentence will be credited to his California sentence. The California Director of Corrections is authorized by Penal Code section 2900 to designate a California institution to which he may be returned, if his Texas confinement ends before the expiration of his California sentence.[1]

---

[1] A 1963 amendment added the following provision to Penal Code section 2900: "In any case in which, pursuant to the agreement on detainers or other provision of law, a prisoner of another jurisdiction is, before completion of actual confinement in a penal or correctional institution of a jurisdiction other than the State of California, sentenced by a California court to a term of imprisonment for a violation of

Seemingly, the 1963 amendment to section 2900 (fn. 1, *supra*) authorizes the Director of Corrections to accomplish administratively what the *Stoliker* rule accomplishes by a writ of habeas corpus. Possibly petitioner's resort to habeas corpus indicates that the director has not regarded the statute as adequate authority in the absence of an express concurrency provision in the California commitment.[2] There is room for much comment concerning the obscure and perhaps illusory character of the "consecutive sentence" alternative which Penal Code section 669 theoretically offers the sentencing court in these cases; the clumsiness of habeas corpus as a means of accomplishing what should be an administrative function; the undesirability of achieving concurrency of sentence by the physical shipment of prisoners back and forth across state lines; the impossibility of sound solutions through the ex parte action of any one sentencing jurisdiction; and finally, the need for reciprocal state and federal legislation covering the sentencing of parolees who commit fresh offenses in another jurisdiction.[3] These unsatisfactory conditions cannot be resolved by the piecemeal process of individual adjudications.

In issuing a writ of habeas corpus under similar circumstances, Honorable Albert H. Mundt, judge of the Sacramento Superior Court, recently noted the desirability of withholding the prisoner's delivery to the other jurisdiction until after opportunity for a study and evaluation under Penal Code section 5077 and to provide the Adult Authority an opportunity to make a parole order or fix the inmate's term should such action be desirable. (*In re McDonald, Sacramento Superior Court, No. 28421.*) The suggestion is eminently sensible and practical and does no violation to the spirit of the *Stoliker* rule; thus we follow it.

---

California law, and the judge of the California court orders that the California sentence shall run concurrently with the sentence which such person is already serving, the Director of Corrections shall designate the institution of the other jurisdiction as the place for reception of such person within the meaning of the preceding provisions of this section. He may also designate the place in California for reception of such person in the event that actual confinement under the prior sentence ends before the period of actual confinement required under the California sentence.''

[2] Application of the 1963 amendment to section 2900 to a prisoner sentenced in 1960 raises no apparent ex post facto problem. (See *In re Cowen*, 27 Cal.2d 637, 641 [166 P.2d 279]; *People* v. *Edenburg*, 88 Cal. App. 558, 563-565 [263 P. 857].)

[3] Compare the ''agreement on detainers'' legislation which California adopted in 1963. (Pen. Code, §§ 1389-1389.7.)

It is ordered that, following such reasonable time as the Department of Corrections may require for its evaluation under Penal Code section 5077 and as the Adult Authority might require should it wish to consider fixing of sentence or parole, the warden of Folsom State Prison make petitioner available for delivery to the Texan prison authorities for the purpose of serving the remainder of his Texas sentence and for later redelivery to the California authorities for the service of any unexpired portion of his California confinement.

Pierce, P. J., and Regan, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 29, 1965.