[Crim. No. 4045.   Third Dist.   Mar. 11, 1966.]

In re OSCAR LEE RIDDLE on Habeas Corpus.

Lawrence Goldstein, under appointment by the District Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, Doris Maier, Assistant Attorney General, Edsel W. Haws and Theodore T. N. Slocum, Deputy Attorneys General, for Respondent.

REGAN, J.—Petitioner is a prisoner at Folsom State Prison. He seeks a writ of habeas corpus to secure his delivery

to the prison authorities of the State of Oklahoma, there to complete a partially served Oklahoma prison sentence.

Petitioner's confinement at Folsom is pursuant to a valid judgment of commitment by the El Dorado County Superior Court for the crime of attempted armed robbery. The judgment of commitment provides that petitioner's sentence shall be served concurrently with any prior incompleted sentence. Petitioner raises no questions as to the validity of the El Dorado County judgment of commitment. He contends that the respondent warden of Folsom Prison is not the person authorized by law to imprison or have custody of him. He claims that at the time of his California sentence he was and still is wanted as a fugitive by the Oklahoma state parole authorities for violation of a "life term parole." Oklahoma considers petitioner a "parole violator whose parole has been revoked" and seeks his return there to continue service on a life sentence at such time as he is made available by California.

Respondent concedes that petitioner is entitled to be made available for delivery to Oklahoma for the purpose of providing him the benefit of the concurrent running of his sentences in California and Oklahoma. However, respondent contends he lacks jurisdiction to administratively transfer petitioner without an order of a court directing him to do so.

■ "Under the so-called 'Stoliker rule' established by California case law [In re Stoliker, 49 Cal.2d 75, 78 (315 P.2d 12)], a California prisoner is entitled to be made available for delivery to the prison authorities of another jurisdiction, if his California commitment expressly decrees that the California sentence shall run concurrently with an unexpired sentence in the other jurisdiction." (In re Portwood, 236 Cal.App.2d 321, 323 [45 Cal.Rptr. 862].) This rule also applies where the sentencing judge has knowledge of the unexpired sentence in the other jurisdiction. (In re Altstatt, 227 Cal.App.2d 305, 307 [38 Cal.Rptr. 616], quoted in In re Portwood, supra.) Pursuant to the provisions of section 669 of the Penal Code and California case law, petitioner at the time of sentencing by the El Dorado County court was entitled to be made available for delivery to the Oklahoma authorities, so that the remaining time under his Oklahoma sentence will be credited to his California sentence. The California Director of Corrections is authorized and directed by Penal Code section 2900[1] to desig-

---

[1] A 1963 amendment added the following provision to Penal Code section 2900: "In any case in which, pursuant to the agreement on detainers or other provision of law, a prisoner of another jurisdiction is, before

nate a California institution to which petitioner may be returned if his Oklahoma confinement ends before the expiration of his California sentence.

■ "It is well established that habeas corpus is the proper remedy to secure confinement under the proper authority." (*In re Stoliker, supra,* 49 Cal.2d 75, 78.)

Unless petitioner is transferred to the Oklahoma authorities for the purpose of serving his Oklahoma sentence that portion of the California judgment of conviction providing that his state sentence should run concurrently with the Oklahoma sentence will be nullified and ineffectual. (*In re Stoliker, supra.*) Being entitled to such transfer now as well as at the time of his California sentence, we must determine the proper procedure to accomplish this act. The warden must proceed as the one having present custody and pursuant to section 2900 of the Penal Code to effectuate the transfer, and petitioner is entitled to be transferred under the administrative order of respondent. (*In re Portwood, supra.*)

■ Where the conditions for the transfer clearly and unequivocally exist, this authorization for transfer should be made by the Director of the Department of Corrections without the necessity of a court order in each case. Section 2900 of the Penal Code gives him this power. It is a needless waste of time to compel a court to order in each individual case what is essentially an administrative function.

It is ordered that the Director of the Department of Corrections direct the warden of the state prison at Folsom to make petitioner available for delivery into the custody of the Oklahoma State Prison authorities for the purpose of serving his sentence under the Oklahoma judgment of conviction. The Director of the Department of Corrections is also ordered to designate a California institution for reception of petitioner in the event that actual confinement under the Oklahoma

completion of actual confinement in a penal or correctional institution of a jurisdiction other than the State of California, sentenced by a California court to a term of imprisonment for a violation of California law, and the judge of the California court orders that the California sentence shall run concurrently with the sentence which such person is already serving, the Director of Corrections shall designate the institution of the other jurisdiction as the place for reception of such person within the meaning of the preceding provisions of this section. He may also designate the place in California for reception of such person in the event that actual confinement under the prior sentence ends before the period of actual confinement required under the California sentence."

sentence ends before the period of actual confinement required under his California commitment.

Pierce, P. J., and White, J. pro tem.,* concurred.

A petition for a rehearing was denied April 5, 1966, and respondent's petition for a hearing by the Supreme Court was denied May 4, 1966.

*Assigned by the Chairman of the Judicial Council.