[Crim. No. 4039.    Third Dist.    Apr. 22, 1966.]

In re MAYNARD T. TOMLIN on Habeas Corpus.

Maynard T. Tomlin, in pro. per., for Petitioner.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, Edsel W. Haws and Nelson P. Kempsky, Deputy Attorneys General, for Respondent.

REGAN, J.—Petitioner Maynard T. Tomlin, a prisoner at Folsom State Prison, by this petition for habeas corpus seeks to compel his return to the Commonwealth of Virginia, there to complete a partially served Virginia sentence and thus to serve his California sentence and the prior Virginia sentence concurrently.

Tomlin, subsequent to a felony conviction in that state, was released on parole by the Virginia authorities and came to California. His parole was revoked. On November 30, 1964, after having been convicted of a felony, he was sentenced to the California State Prison. No provision was made in the judgment for the manner in which the California sentence was to be served in relationship to prior uncompleted sentences. On December 18, 1964, the Virginia authorities notified California that it held a warrant for Tomlin's arrest, requesting their warrant be considered a detainer. Virginia declared its intention to retake Tomlin whenever he was made available to that state. On December 20, 1965, Virginia advised California it had reviewed the case and now sought to retake Tomlin at the completion of his California term of imprisonment.

Respondent concedes that Tomlin has the right to be made available to the Virginia authorities so that he may get the benefit of a concurrent sentence as required by the law of the State of California. (*In re Portwood*, 236 Cal.App.2d 321 [45 Cal.Rptr. 862].) This is so even though the California judgment is silent on concurrency. (*In re Altstatt*, 227 Cal.App.2d 305 [38 Cal.Rptr. 616].) ■ The law of this state requires only that Tomlin be made available, it does not and cannot compel the Commonwealth of Virginia to take him. (*Matthews v. People*, 136 Colo. 102 [314 P.2d 906, 909] ; *West v. Graham*, 211 Ga. 662 [87 S.E.2d 849] ; *Ex parte Anderson*, 135 Tex. Crim.Rep. 291 [120 S.W.2d 259] ; *Brown v. Grimes*, 214 Ga. 388 [104 S.E.2d 907].) Nor may this state banish a convicted criminal from its borders. (*In re Scarborough*, 76 Cal.App.2d 648, 649-650 [173 P.2d 825].)

Respondent contends: (1) For Tomlin to be made available to the Virginia authorities this court must first issue its order therefor to the Director of Corrections. (2) That in all simi-

lar cases the availability for transfer must be effectuated pursuant to an order of a California court having jurisdiction. (3) That section 2900 of the Penal Code does not give the Director of Corrections authority to make the prisoner available for transfer by administrative order alone.

Section 2900 of the Penal Code was amended in 1963[1] primarily to implement the agreement on detainers. (See Pen. Code, § 1389 et seq.) These sections provide a procedure whereby a prisoner of a sister state before completion of his sentence may be transferred to California for trial on a California charge. The reference in Penal Code section 2900 on the agreement on detainers is couched in the following language: ". . . pursuant to the agreement on detainers *or other provision of law* . . . ." (Italics added.) Respondent contends the phrase "*or other provision of law*" makes reference only to the statutory procedure for the transfer of prisoners from federal jurisdiction. (Pen. Code, § 1381.5.) We do not agree with this interpretation of the intent of the language. It is more reasonable to assume the Legislature in its use of the phrase intended the broad rather than the limited meaning. In enacting the statute (Pen. Code, § 669), enabling the serving of concurrent sentences, it is unlikely that it would severely limit the availability of the statute to those whose benefit the right is unequivocal and unconditional. Section 2900 of the Penal Code was intended to facilitate and implement concurrency.

We are of the opinion that Tomlin at the time of his California conviction and sentence was a prisoner "of another jurisdiction" who "before completion of actual confinement" in a prison of another jurisdiction was sentenced by a California court.

We hold that petitioner, who entered California as a parolee from another state and whose confinement therein has not been

---

[1]Penal Code section 2900 (1963 amendment) provides: "In any case in which, pursuant to the agreement on detainers or other provision of law, a prisoner of another jurisdiction is, before completion of actual confinement in a penal or correctional institution of a jurisdiction other than the State of California, sentenced by a California court to a term of imprisonment for a violation of California law, and the judge of the California court orders that the California sentence shall run concurrently with the sentence which such person is already serving, the Director of Corrections shall designate the institution of the other jurisdiction as the place for reception of such person within the meaning of the preceding provisions of this section. He may also designate the place in California for reception of such person in the event that actual confinement under the prior sentence ends before the period of actual confinement required under the California sentence."

completed, is within the class of those to whom section 2900 applies.

As noted in *In re Patterson,* 64 Cal.2d 357, 364 [49 Cal.Rptr. 801, 411 P.2d 897], ''An administrative agency may not exact a condition for the performance of a duty which the law makes unconditional. The wording of section 669 is unconditional; unless the trial court provides otherwise, defendant has the right to serve his sentences concurrently. Nothing in section 669 or in *In re Stoliker* (1957) *supra,* 49 Cal.2d 75 [315 P.2d 12], suggests that the transfer of petitioner is a matter of judicial or administrative discretion.''

It is our conclusion that no statute permits the conditioning of Tomlin's transfer to Virginia upon the Director of Corrections first obtaining an order of court ordering him to so do.

The writ of habeas corpus is granted for the purpose of transferring petitioner to the custody of an authorized representative of the Commonwealth of Virginia, in order that he may serve the uncompleted sentence previously imposed by that state. It is ordered that the Director of Corrections notify the appropriate authorities of the Commonwealth of Virginia that they may take custody of petitioner, and if custody is so taken, that the Director of Corrections designate a penal institution of that state as the place of confinement for the purpose of execution of the California judgment of conviction. It is further ordered that if, after notification, the authorities of the Commonwealth of Virginia decline to take custody of petitioner, or if they consent to credit petitioner with time served in California penal institutions in execution of his Virginia sentence, this order be deemed to have been fully executed. In all other respects the writ is denied.

Pierce, P. J., and Friedman, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 17, 1966.