24398

Michael D. CLARK, Petitioner v. STATE of South Carolina, Respondent.

(468 S.E. (2d) 653)

Supreme Court

*Assistant Appellate Defender Lisa T. Gregory* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Attorney General Teresa Nesbitt Cosby,* all of the *Attorney General's Office;* and *General Counsel Larry C. Batson, Deputy General Counsel Robert E. Petersen,* and *J. Pamela Price,* both of *S.C. Dept. of Corrections,* Columbia, *for respondent.*

Submitted Feb. 21, 1996.

Decided Mar. 25, 1996.

## ON WRIT OF CERTIORARI

*Per Curiam:*

We granted certiorari to review the denial of Post-Conviction Relief (PCR) to Petitioner, Michael Clark. We reverse and remand.

## FACTS

On March 17, 1993, Clark pled guilty in federal court to possession of a sawed off shotgun. He was sentenced to 10 year in prison. Thereafter, pursuant to a plea agreement that his state convictions would run concurrently with his federal sentence, Clark pled guilty in state court to three counts of armed robbery, assault and battery of a high and aggravated nature, attempted armed robbery, and common-law robbery. He was sentenced to concurrent terms of 25 years for each armed robbery, and ten years for each of the remaining charges. In accordance with the State's recommendation, the plea judge ordered the sentences to run concurrently to Clark's federal sentence. Rather then being transported to federal custody, however, Clark was taken to state prison, where he has been since his plea. Clark filed for PCR claiming his plea bargain was not being enforced as his federal sentence is not running concurrently with his state sentence. At the PCR hearing, the parties essentially conceded Clark's federal sentence is not running concurrently with his state sentence. The PCR court nonetheless denied Clark's application, finding he should seek clarification of his sentence from the plea judge.[1]

## DISCUSSION

The sentence of a person convicted of a federal offense commences to run from the date on which such person is received at the penitentiary. *Thomas v. Whalen,* 962 F. (2d) 358 (4th Cir. 1992); *United States v. Huss,* 520 F. (2d)

---

[1] This Court will not uphold the rulings of the PCR judge where there is no evidence to support them. *High v. State,* 300 S.C. 88, 386 S.E. (2d) 463 (1989). There is no evidence to support the finding that clarification of the plea judge's order is necessary. On the contrary, the intent of the order is clear, and the PCR court specifically noted the intent of the trial court was for Clark's sentence to run concurrently. A remand for further clarification would further perpetuate the bureaucratic quagmire in which petitioner finds himself.

598 (1975). A federal court is powerless to impose a concurrent sentence until the defendant has been sentenced by another court. *United States v. Neely*, 38 F. (3d) 458 (9th Cir. 1994).[2]

The determination by federal authorities that a defendant's federal sentence runs consecutive to his or her state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently obtained state court conviction. *Bloomgren v. Belaski*, 948 F. (2d) 688 (10th Cir 1991). Although a state trial judge may properly order the sentences which he or she imposes to run concurrently, or consecutively, to each other, a state court is without authority to modify or place conditions on a sentence from a foreign jurisdiction. *Ex parte Huerta*, 692 S.W. (2d) 681 (Tex. Crim. 1985) (Onion, J., dissenting). Accordingly, it appears the only way to effectuate a state trial court's order that a state sentence run concurrently with a prior federal sentence is to have the defendant returned to federal custody to serve his federal sentence. *See In Re Altstatt*, 277 Cal. App. (2d) 305, 38 Cal. Rptr. 616 (1994); *In Re Stoliker*, 315 P. (2d) 12 (Cal. 1957) (petitioner entitled to have his custody transferred where continued imprisonment in state prison would compel consecutive service of sentences).[3]

A plea agreement rests on contractual principles and each party should receive the benefit of their bargain. *Thrift v. State*, 312 S.C. 282, 440 S.E. (2d) 341 (1994).

---

[2] Prior to 1986, it appears a federal court's recommendation of a concurrent sentence was not binding, regardless of whether the defendant's state court sentence was prior, or subsequent, to the federal sentence. *See Hash v. Henderson*, 385 F. (2d) 475 (1967); *Bateman v. United States*, 277 F. (2d) 65 (8th Cir. 1960); *In Re Yutze*, 69 Cal. (2d) 389, 71 Cal. Rptr. 673, 445 P. (2d) 289 (1968) (recommendation that a sentence run concurrently with a state prison sentence constitutes surplusage). Under 18 USC § 3585, effective Nov. 1, 1986, a federal court is now vested with discretion to impose concurrent sentences with previously existing state charges. *Neely, supra. But see Shabazz v. Carroll*, 833 F. (2d) 149 (9th Cir. 1987) (where state sentence was ordered to run concurrently with federal sentence and defendant was erroneously retained in the state prison system, federal court was without authority to credit time spent in state prison against federal sentence). Here, however, Clark's federal sentence was prior to his state sentence.

[3] Contrary to the Department of Correction's contention, a transfer of Clark in this matter will not deprive the State of its ability to obtain custody of Clark after service of his federal sentence. The State may place a detainer on Clark in order that he be returned to state prison after completion of his federal sentence to complete any remaining time on his state sentence. *Cf. Alston v. State*, 38 Md. App. 611, 379 A. (2d) 754 (1978).

When an accused pleads guilty upon a promise of the prosecutor, the agreement must be fulfilled. *State v. Thompson*, 278 S.C. 1, 292 S.E. (2d) 581 (1982) *overruled on other grounds, State v. Torrence*, 305 S.C. 45, 406 S.E. (2d) 315 (1991) (Toal, J., concurring). "When the State's Attorney has given his word in the form of a plea bargain and that bargain is accepted by the trial court, it behooves the State's Attorney to make every reasonable effort to correct any deviation from the bargain when the deviation is called to his attention." *Alston v. State*, 38 Md. App. 611, 379 A. (2d) 754, 757 (App. 1978). Once a court accepts a plea agreement, it is bound to bound to honor its promise to perform the agreement, insofar as the terms of the agreement are within the power of the court to order. *State v. Rhinehart*, 312 S.C. 36, 430 S.E. (2d) 536 (Ct. App. 1993).

It is within the power of the circuit court to order the ▮ Department of Corrections (DOC) to deliver Clark to the custody of federal authorities to begin service of his federal sentence.[4] Accordingly, the matter is remanded to the circuit court with instructions to take further action in accordance with this opinion.

Remanded.

---

[4] If, for reasons beyond the DOC's or the state's control, federal authorities are unwilling or unable to take Clark into custody, the circuit court is instructed to permit withdrawal of Clark's plea. A guilty plea which is based on a plea bargain which is not fulfilled or is unfulfillable cannot stand. *State ex rel. Morris v. Mohn*, 165 W.Va. 145, 267 S.E. (2d) 443 (1980). *See also Ex parte Young*, 684 S.W. (2d) 704 (Tx. Crim. App. 1985); *Alston v. State, supra*.