**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

John Forrest Ham, Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2014-001608
Appellate Case No. 2014-001834

---

**ON WRIT OF CERTIORARI**

---

Appeal From Pickens County
Robin B. Stilwell, Circuit Court Judge

---

Memorandum Opinion No. 2016-MO-018
Submitted March 15, 2016 – Filed May 11, 2016

---

**REVERSED AND REMANDED**

---

Appellate Defenders Tiffany L. Butler and Benjamin John Tripp, both of Columbia, for Petitioner.

Attorney General Alan M. Wilson, Senior Assistant Deputy Attorney General Karen C. Ratigan, and Assistant Attorney General Ashley A. McMahan, all of Columbia, for Respondent.

**PER CURIAM:** *Ham v. State*, Case No. 2014-001608 and *Ham v. State*, Case No. 2014-001834, are both post-conviction relief (PCR) actions arising out of trial counsels' failure to ensure John Forrest Ham served his state sentences concurrent with his federal sentence in federal prison. We consolidated both appeals because their facts, procedural history, and issues overlap. For reasons which will be discussed, we reverse and remand these cases to the circuit court to permit Ham to withdraw his guilty pleas.

## I.      Factual/Procedural History

A State Grand Jury indicted Ham on numerous drug-related charges. While out on bond on these charges, Ham committed several crimes, which led to a Greenville County grand jury indicting Ham for assault and battery with intent to kill, possession of a weapon during the commission of a violent crime, resisting arrest with a deadly weapon, pointing and presenting a firearm, failure to stop for a blue light, and kidnapping. These crimes also led to federal charges.[1]

Three attorneys represented Ham on the above-mentioned charges. Mills Ariail represented Ham on the drug-related charges, Alex Stalvey represented Ham on the Greenville County charges, and James Loggins represented Ham on the federal charges. John Crout represented the State in the proceedings arising out of the State Grand Jury indictment and Mark Moyer represented the State in the Greenville County proceedings. Due to the pending federal charges, Ariail, Stalvey, Loggins, Crout, and Moyer worked together to have Ham serve his state sentences concurrent with his federal sentence in federal prison.

On April 9, 2010, Ham pled guilty before Circuit Court Judge Edward Welmaker to several of the drug-related charges in Pickens County. During the plea hearing, Ariail informed Judge Welmaker that both Ham and the State wanted to defer sentencing in order to work out "some logistical issues" so that both the state and federal sentences would be served in federal prison. At that time, however, Ham was in state custody on a probation violation warrant on a sentence

---

[1] A federal grand jury indicted Ham on: possession of a firearm by a convicted felon; carjacking; and possession of a firearm during and in relation to a crime of violence.

set to expire in 2011.[2]  Therefore, Ham needed to be out on bond when sentenced to the federal charges in order for the federal government to take primary custody over Ham.  Judge Welmaker seemed accommodating, stating that he or Judge Stilwell would work with them to facilitate their objective.  Judge Welmaker then deferred sentencing on the guilty plea until after Ham was sentenced on the federal charges.

On May 19, 2010, Ham pled guilty before Circuit Court Judge Edward Miller to all of the charges pending against him in Greenville County.  Upon the State's request, Judge Miller also deferred sentencing on the guilty plea until after Ham was sentenced on the federal charges in order "to allow him to do his time in federal custody."

On August 11, 2010, Judge Stilwell signed a consent order, which vacated Ham's probation revocation sentence and ordered the South Carolina Department of Corrections to return Ham to the Greenville County Detention Center to be held pursuant to the original probation arrest warrant.[3]  On August 31, 2010, Ham appeared before United States District Judge Henry F. Floyd for sentencing on his federal charges.  Judge Floyd sentenced Ham to 319 months' imprisonment.

On September 1, 2010, Ham appeared before Judge Welmaker for sentencing on both the State Grand Jury charges and the Greenville County charges.  During the sentencing hearing, Crout requested Ham's state sentence on the drug-related charges "be served and basically be completed in the time period that he serves his federal sentence."[4]  Ham was ultimately sentenced to an aggregate twenty-five years' imprisonment.[5]  Judge Welmaker made it clear that

---

[2]  Circuit Court Judge Robin B. Stilwell presided over Ham's probation revocation proceedings.

[3]  In the consent order, Judge Stilwell recognized that "the parties have agreed that Defendant should be allowed to serve his incarceration in the Federal Bureau of Prisons."

[4]  Moyer did not provide a separate sentencing recommendation for the Greenville County charges.

[5]  Specifically, on the drug charges, Judge Welmaker sentenced Ham to a concurrent:  fifteen years for trafficking methamphetamine in the amount of ten to twenty-eight grams (conspiracy); fifteen years for distribution of

both sentences were to run concurrent with the federal sentence. Judge Welmaker also noted that Ham was "going to be in federal prison."

After the sentencing hearing, the Federal Bureau of Prisons (BOP) refused to take custody of Ham despite Judge Stilwell's signed consent order. The BOP explained that because Ham was in state custody for a probation violation at the time he was sentenced on the federal charges, the State maintained primary custody; therefore, Ham must first serve his state sentences in state prison before he can serve time on his federal sentence. As a result, Ham's aggregate sentence, which was intended to be twenty-six years, is fifty-one years, twenty-five years in state prison followed by twenty-six years in federal prison. Therefore, while Judge Welmaker ordered the state sentences to run concurrent with the federal sentence, in effect, the federal sentence will run consecutive to the state sentences.

Ham filed separate PCR applications, alleging both Stalvey and Ariail were ineffective for, *inter alia*, failing to ensure Ham served his state sentences concurrent with his federal sentence in federal prison. As relief, Ham requested the PCR court vacate his sentences. After a hearing, Judge Stilwell dismissed both of Ham's PCR applications.[6] This Court granted both of Ham's petitions for a writ of certiorari to review the PCR court's decision.

## II.    Discussion

As an initial matter, we believe these appeals can be resolved pursuant to *Clark v. State*, 321 S.C. 377, 468 S.E.2d 653 (1996) (per curiam). Clark pled guilty in federal court to possession of a sawed off shotgun. *Id.* at 379, 468 S.E.2d at 654. He was sentenced to ten years in prison. *Id.* Thereafter, Clark pled guilty to additional charges in state court pursuant to a plea agreement providing that his

---

methamphetamine; fifteen years for two counts of trafficking methamphetamine in the amount of ten to twenty-eight grams; ten years for trafficking cocaine; and thirty days for possession of marijuana. As to the Greenville County charges, Judge Welmaker levied concurrent sentences of twenty years for assault and battery with intent to kill, five years for pointing and presenting a firearm, five years for resisting arrest with a deadly weapon, and three years for failure to stop for a blue light. Judge Welmaker imposed a consecutive sentence of twenty-two years on the kidnapping charge to the failure to stop for a blue light charge.

[6] The PCR court consolidated both of Ham's applications into one hearing.

convictions would run concurrently with his federal sentence. *Id.* However, instead of being transferred to federal custody after pleading guilty to the state charges, Clark was taken to state prison. *Id.* Clark filed a PCR application, claiming his plea bargain was not being enforced because his federal sentence was not running concurrently with his state sentence. *Id.*

After the PCR court dismissed Clark's application, he petitioned this Court for a writ of certiorari. This Court granted Clark his requested relief, stating "it appears the only way to effectuate a state trial court's order that a state sentence run concurrently with a prior federal sentence is to have the defendant returned to federal custody to serve his federal sentence." *Clark*, 321 S.C. at 380, 468 S.E.2d at 655. However, the Court explained that "[i]f, for reasons beyond . . . the state's control, federal authorities are unwilling or unable to take Clark into custody, the circuit court is instructed to permit withdrawal of Clark's plea. ***A guilty plea which is based on a plea bargain which is not fulfilled or is unfulfillable cannot stand***." *Id.* at 381 n.4, 468 S.E.2d at 656 n.4 (emphasis added).

Applying *Clark* to the cases at bar, we conclude Ham is permitted to withdraw his guilty pleas. Both Ham and the State intended for Ham to serve his state sentences concurrent with his federal sentence in federal prison. In addition, Judge Miller and Judge Welmaker deferred sentencing on Ham's guilty pleas with the understanding that doing so would facilitate the parties' mutual intent. Further, at the sentencing hearing, Judge Welmaker ordered Ham's state sentences to run concurrent with the federal sentence.

Thus, it is clear the parties agreed Ham would serve his state sentences concurrent with his twenty-six-year federal sentence in federal prison. The BOP, however, refused to facilitate this agreement because Ham was in state custody for a probation violation at the time he pled guilty to the federal charges. Accordingly, because Ham's guilty pleas were based on an unfulfillable agreement, we reverse and remand these cases to permit Ham to withdraw his guilty pleas.[7]

---

[7] As a result of the BOP's unwillingness to take Ham into custody, Ham is serving an additional twenty-five years to the twenty-six years that were originally agreed upon. Consequently, we believe an alternative outcome would be fundamentally unfair.

### III.    Conclusion

In conclusion, we reverse and remand these cases to the circuit court to permit Ham to withdraw his guilty pleas.

**REVERSED AND REMANDED**.

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**