Filed 4/18/17

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D070590 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN316868-1) |
| JOSE ALBERTO ANTONIO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael J. Popkins, Judge. Appeal dismissed.

Daniel Yeager, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Kristine A. Gutierrez, Lynne G. McGinnis and Lacy Britton, Deputy Attorneys General, for Plaintiff and Respondent.

This case presents the question of whether sentencing judges, in cases where the state sentence is ordered to run concurrently with a foreign sentence, must issue an order directing the Department of Corrections and Rehabilitation (Department) to comply with

its statutory duty to make the prisoner available for transfer to the foreign jurisdiction. Statutes and case law provide the Department has a clear and independent duty to make prisoners available so that, if the foreign jurisdiction will take them, the prisoners will be able to gain the benefit of concurrent sentences. We hold, however, that the sentencing judge is not required to independently order the Department to perform its established legal responsibility. If the Department fails or refuses to carry out its duties the prisoner may resort to administrative review within the corrections system, and ultimately review by the courts by way of a petition for writ of habeas corpus. Accordingly, we will reject appellant's claim that trial courts, at the time of sentencing, must issue a preemptive order to the Department to do its job.

As we will explain below, this record contains no information regarding any actions, or refusal to act by the Department. This is the second appeal from the original sentence, but the record remains devoid of any information regarding the actions of the Department. It would be entirely premature for trial judges to be required to issue orders to the executive branch directing it to properly perform its established duties where the executive branch has not yet been called on to act and there is no evidence the executive branch will not act properly.

Jose Alberto Antonio pled guilty to one count of residential robbery (Pen. Code,[1] §§ 211, 212.5). He also admitted to the use of a firearm during the robbery (§ 12022.5, subd. (a)). Pursuant to a plea agreement, the parties stipulated that Antonio would be

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

sentenced to an eight-year prison term. The remaining counts and allegations were dismissed.

The court sentenced Antonio in accordance with the plea agreement. However, the court later recalled the sentence when it learned of a federal case in which Antonio had previously been sentenced to 110 months in federal prison. The court chose not to alter the initial eight-year state sentence. Antonio appealed from that decision contending the trial court erred in failing to determine whether the state sentence should be served concurrently or consecutively to the federal sentence. This Court agreed and remanded the case, directing the trial court to make a concurrency determination.

On remand, the trial court ordered the state sentence to run concurrent with the federal sentence. Antonio requested the court sign an order directing the Department to have "Antonio transferred . . . to the Federal Bureau of Prisons [(BOP)] to have a federal facility designated as the place to serve the federal and California sentences [citations], thus fulfilling th[e] court's duty to make the prisoner available to the foreign authorities." The trial court denied Antonio's request to sign the order.

Antonio appeals, contending the trial court erred in failing to issue the order and thereby giving effect to its concurrent sentencing order. Antonio acknowledges that the Department has a statutory duty to make him available to the BOP for transfer. However, he contends that a trial court's decision to order a concurrent sentence, without ordering the Department to perform its duties, is not sufficient to comply with the trial court's duty to impose a term to be served concurrently with the federal sentence.

The People argue that this appeal is premature because Antonio has provided no evidence indicating that the Department has failed in its duty to make him available to the BOP.

We reject Antonio's arguments and conclude that the trial court properly declined to separately order the Department to carry out its existing statutory duty to make Antonio available to the BOP for transfer.

## STATEMENT OF FACTS

The facts of the underlying offense are not relevant to any of the issues raised in this appeal. The probation report shows that Antonio and another entered a house, robbed the occupants at gun point, and pistol whipped one of them.

## DISCUSSION

### A. Duty and Presumption of Performance

A defendant ordered to serve concurrent terms by a California state court is entitled to be transferred to the foreign jurisdiction if that foreign jurisdiction will not credit him with time served in California. (*In re Stoliker* (1957) 49 Cal.2d 75, 78 [a prisoner is entitled to effectuate concurrent sentencing by filing a writ of habeas corpus to seek transfer of custody to federal authorities].) The appellate courts have interpreted this rule to mean that California has a duty to make a defendant available to the foreign authorities.[2] (*In re Riddle* (1966) 240 Cal.App.2d 707, 708; *In re Tomlin* (1966) 241 Cal.App.2d 668, 669 (*Tomlin*).) This duty is not a matter of judicial or administrative discretion. Further, no formal court order (apart from a concurrent state sentence) is

---

[2]     Although not at issue in this appeal, we note that the requirements of "making a defendant available" for transfer are not set forth in statute or case law.

needed to trigger that duty or to effect that transfer. (*Id.* at p. 671.) However, California cannot compel the foreign jurisdiction to take the defendant into custody. (*Ibid*.)

In 1963, the State Legislature amended section 2900 to "facilitate and implement concurrency [of sentences]." (*Tomlin, supra,* 241 Cal.App.2d at p. 670.) Section 2900, subdivision (b)(2) states, in pertinent part:

> "[If] the judge of the California court orders that the California sentence shall run concurrently with the sentence which such person is already serving, the *Director of Corrections*[3] *shall designate the institution of the other jurisdiction as the place for reception* of such person within the meaning of the preceding provisions of this section." (Italics added.)

Appellate courts have interpreted section 2900, subdivision (b)(2) to make possible administratively, what the court in *In re Stoliker, supra,* 49 Cal.2d 75 accomplished by writ of habeas corpus. (*In re Portwood* (1965) 236 Cal.App.2d 321, 324.)

The People contend, and Antonio acknowledges, that the Department is charged with a statutory duty to make him available to the BOP under section 2900, subdivision (b)(2). In the absence of evidence to the contrary, it is presumed that an official duty has been regularly performed. (Evid. Code, § 664.) Antonio has provided no evidence the Department failed to discharge its duty to make him available to the BOP. In light of the dearth of information provided by Antonio, we do not know if the Department has already fulfilled its obligations and the BOP has exercised its right not to take Antonio

---

3    Beginning July 1, 2005, all reference to the Department of Corrections in any code refers to the Department of Corrections and Rehabilitation. Under its reorganized structure, the Director of Corrections refers to the Secretary of the Department of Corrections and Rehabilitation. (§§ 5000, 5054.)

into federal custody. There is simply no evidence submitted to rebut the presumption of performance.

Additionally, even if we were to assume that the Department had failed to discharge its duty, it does not follow that the trial court had a duty at sentencing to preemptively order the Department to do its job. In general, a party challenging the acts of administrative agencies must exhaust administrative remedies before resorting to the courts. (*California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1148.) An administrative remedy is exhausted only upon "termination of all available, nonduplicative administrative review procedures." (*Id.* at p. 1151.) In California, intervention by the court before the administrative agency has resolved the claim would constitute an interference with the jurisdiction of another tribunal. (*Ibid.*) Antonio presents no evidence indicating that any administrative remedy has even been attempted, let alone exhausted.

## B. Antonio's Argument

Despite his acknowledgement that he is already entitled to be made available to the BOP, Antonio argues that the Department's duty does not "consign[] the trial court to [a] passive outsider's role." Disagreeing with existing authority, Antonio construes *In re Portwood, supra,* 236 Cal.App.2d 321 as "lamenting" that section 2900, subdivision (b)(2) only "seemingly" authorizes the Department to accomplish administratively what the *Stoliker* rule accomplishes by writ of habeas corpus. Antonio asserts that section 2900, subdivision (b)(2) fails in its objective and the statutory requirement of a concurrency order is insufficient to fully comply with the right to transfer guaranteed by

6

*Stoliker*. (*Stoliker, supra,* 49 Cal.2d at p. 78.) Antonio contends that a trial court order directing the Department to make him available to the BOP is necessary to more fully conform with the requirements of *Stoliker* and section 2900, subdivision (b)(2). In support of this argument, Antonio cites case law in which trial courts did, as a matter of procedure, grant habeas corpus to order the Department to transfer or deliver a prisoner. We disagree with Antonio's interpretation of existing case law. Section 2900, subdivision (b)(2) creates an administrative procedure allowing a prisoner to be transferred to the BOP to effectuate his concurrent sentence as required by *Stoliker*. (*Stoliker, supra* at p. 78.)

The trial court's decision to deny the requested order, on this record, was not error. We agree, as do both parties, that Antonio is legally entitled to be made available to the BOP for transfer. If Antonio believes that the Department has failed to carry out its statutory duty, he must exhaust administrative remedies before resorting to the courts.

DISPOSITION

The appeal is dismissed.

HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


HALLER, J.

7