[Crim. No. 4119.   Third Dist.   Aug. 1, 1966.]

In re CLARENCE D. CAIN on Habeas Corpus.

Werner K. Zimmer, under appointment by the District Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, Doris Maier, Assistant Attorney General, and Nelson P. Kempsky, Deputy Attorney General, for Respondent.

REGAN, J.—Petitioner Clarence D. Cain, a prisoner at Folsom State Prison, by this petition for habeas corpus seeks to compel his return to the State of Washington, there to complete partially served Washington sentences and thus to serve his California sentences and the prior Washington sentences concurrently.

Petitioner is subject to two California judgments and commitments. He is also subject to three Washington sentences, two of life and one of not more than 10 years, each of which is to run consecutively.

Respondent states its opposition to the petition and seeks a dismissal thereof as follows:

"Normally, the petitioner here would be entitled to such an order, making him available to the prison authorities of the State of Washington, since he has an outstanding sentence in the State of Washington and his California sentences (by implication from silence[1]) are to run concurrently with the Washington sentence.

"However, two factors make such an order inappropriate in this case. The first of these is that the present intention of the State of Washington is not to retake custody of the petitioner. The second is that petitioner can gain no possible benefit from a transfer to Washington."

Respondent's first contention that the State of Washington does not intend to retake custody of petitioner is based upon a

---

[1]Pursuant to section 669, Penal Code, if the trial court fails to specify whether sentences are to run concurrently with or consecutive to prior sentences they are deemed to be concurrent.

letter dated November 8, 1965, wherein the Board of Prison Terms and Paroles of Washington stated: "In view of the amount of time that Cain has been incarcerated in your Institution, our Parole Board is not planning on returning him to the state of Washington as a Parole Violator following his release from your institution. . . . Upon our being advised that he has been accepted for supervision, our Parole Board will no doubt reinstate his parole."

We do not find this letter to be an official refusal of the Washington authorities to accept the transfer of petitioner into its custody. The letter was one addressed to and received by the Public Defender of Sacramento County, petitioner's counsel, in response to his communication to them. At most it can be construed as an expression of intent of the State of Washington on November 8, 1965, but not made to the State of California and insufficient to constitute an official rejection of a proper tender of California to transfer the custody of petitioner to Washington. (*In re Patterson,* 64 Cal.2d 357 [49 Cal.Rptr. 801, 411 P.2d 897].) Respondent's first contention is without merit.

We look now to the contention that petitioner cannot be transferred to Washington because he cannot gain the benefit offered by the rule laid down in *In re Stoliker,* 49 Cal.2d 75 [315 P.2d 12]. This rule was reaffirmed in *In re Patterson, supra,* and in *In re Satterfield,* 64 Cal.2d 419 [50 Cal.Rptr. 284, 412 P.2d 540]; see also *In re Tomlin,* 241 Cal.App.2d 668 [50 Cal.Rptr. 805].

In *Patterson, supra,* the court said (at p. 362):

"The sole purpose of transferring defendant to Texas is to permit him to serve his sentences concurrently. If at the time of his release by Texas a portion of the California sentence remains to be served, he should be returned to this state."

*Patterson* also holds the wording of section 669 of the Penal Code to be unconditional and the transfer of petitioner not to be a matter of judicial or administrative discretion.

We find no merit in respondent's conclusion that petitioner cannot benefit should Washington accept him. If petitioner is accepted by that state for imprisonment under its sentences, the benefit of section 669 of the Penal Code commences immediately and credit on his California sentences must be accorded to him and should petitioner be released from Washington imprisonment prior to the expiration of his California sentences he would then be returned to serve his California sentences, less time gained by concurrency.

The writ of habeas corpus is granted for the purpose of transferring petitioner to the custody of an authorized representative of the State of Washington, in order that he may serve the uncompleted sentence previously imposed by that state. It is ordered that the Director of Corrections notify the appropriate authorities of the State of Washington that they may take custody of petitioner, and if custody is so taken, that the Director of Corrections designate a penal institution of that state as the place of confinement for the purpose of execution of the California judgments of conviction. It is further ordered that if, after notification, the authorities of the State of Washington decline to take custody of petitioner, or if they consent to credit petitioner with time served in California penal institutions in execution of his Washington sentences, this order be deemed to have been fully executed. In all other respects the writ is denied.

Pierce, P. J., and Friedman, J., concurred.