Roy **BRANCH**, Petitioner-Appellant,

v.

**Hoyt C. CUPP, Superintendent Oregon State Penitentiary, Respondent-Appellee.**

No. 83–3710.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 3, 1984.

Decided June 29, 1984.

Stephen R. Sady, Dept. Federal Defender, Portland, Or., for petitioner-appellant.

Robert E. Barton, Scott McAlister, Asst. Atty. Gen., Salem, Or., for respondent-appellee.

Before WALLACE and CANBY, Circuit Judges, and CRAIG,* District Judge.

CANBY, Circuit Judge:

Branch petitioned the district court pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. He alleged that his state convictions for rape and sodomy were unconstitutional because: (1) the trial court failed to state its reasons on the record for imposing consecutive sentences, as Oregon state law requires it to do, (2) the trial court failed to instruct the jury on the intent element of the rape charge, (3) the prosecutor made improper comments in closing argument, and (4) defense counsel failed to represent Branch competently. The district court dismissed the petition. We affirm.

## FACTS

On June 16, 1978 Branch was convicted of rape and sodomy in Multnomah County Circuit Court, Oregon. On July 21, 1978, the state court imposed consecutive sentences of 20 years on the rape count and five years on the sodomy count. The Oregon Court of Appeals affirmed from the bench. *State v. Branch,* 40 Or.App. 339, 595 P.2d 850 (1979). Branch did not seek further direct review but did file a petition for habeas corpus in the Oregon Supreme Court challenging the racial composition of the Multnomah County grand jury. The petition was dismissed on October 12, 1979.

Branch then filed a petition for state post-conviction relief which the Marian County Circuit Court denied after a full hearing. Branch appealed and the Oregon Court of Appeals affirmed from the bench. *Branch v. Cupp,* 52 Or.App. 597, 630 P.2d 417 (1981). Branch did not seek review by the Oregon Supreme Court. He then petitioned the United States District Court for a writ of habeas corpus.

## DISCUSSION

### I. *Exhaustion*

Branch, in not seeking Oregon Supreme Court review, relied on an agreement among the Oregon Supreme Court, the state attorney general, and the state public defender that state supreme court review was not a necessary prerequisite to satisfaction of the exhaustion of remedies doctrine. We have since disapproved this arrangement and held that future petitioners so avoiding Oregon Supreme Court review do not satisfy the exhaustion requirement. *Batchelor v. Cupp,* 693 F.2d 859, 862–63 (9th Cir.1982), *cert. denied,* ── U.S. ──, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983).

Nevertheless, Branch's bypass preceded *Batchelor*'s warning. As in *Batchelor,* the time for direct appeal has expired, and Oregon's failure to object to the procedural default can be treated as a waiver. *Allbee v. Cupp,* 716 F.2d 635, 635 (9th Cir.1983); *Batchelor,* 693 F.2d at 836–64.

### II. *Consecutive Sentences*

Branch argues that the state trial court did not have the inherent power to impose consecutive sentences except as provided by state law. In this case, the trial judge failed to state the reasons for imposing consecutive sentences as Oregon

---

* Honorable Walter Early Craig, Senior United States District Judge, District of Arizona, sitting by designation.

law requires him to do when the sentences arise from a single criminal episode. *See State v. Garcia*, 288 Or. 413, 432, 605 P.2d 671, 681 (1980). Branch contends that this omission renders the imposition of consecutive sentences an unconstitutional denial of due process.

The Supreme Court has suggested that "[t]he Due Process Clause of the Fourteenth Amendment ... would presumably prohibit state courts from depriving persons of liberty ... as punishment for criminal conduct except to the extent authorized by state law." *Whalen v. United States*, 445 U.S. 684, 689–90 n. 4, 100 S.Ct. 1432, 1436–37 n. 4, 63 L.Ed.2d 715 (1980). We need not reach the question of so applying the due process clause in this case, however, because we conclude that the consecutive sentences imposed here were "authorized" by state law within the meaning of *Whalen*.

 There is no question in this case that each of the sentences imposed was within the statutory maximum. Nor is there any doubt that the courts of Oregon have inherent power to impose sentences consecutively. *State v. Jones*, 250 Or. 59, 60, 440 P.2d 371, 372 (1968); *State v. Dinkel*, 49 Or.App. 917, 926, 621 P.2d 626, 632 (1980). Oregon law does limit the discretion of the trial court in imposing consecutive sentences, however; imposition must be consistent with legislative policies concerning proportional sentencing, rehabilitation, deterrence, and protection of the public. *State v. Garcia*, 288 Or. 413, 429, 605 P.2d 671, 680 (1980).

Branch has made no showing, however, that his consecutive sentences were inconsistent with these state policies, or that he posed no unusual risk to the safety of the public. His contention is that his consecutive sentences were in excess of the authority of the state trial court simply because that court failed to articulate on the record the reasons why sentences were imposed consecutively. We disagree.

The requirement that the sentencing court state on the record its reasons for imposing consecutive sentences originated

with *State v. Garcia, supra*. There the Supreme Court of Oregon reasoned that the legislative policies of appropriate sentencing would be better effectuated by the requirement of reasons articulated on the record. The legislature of Oregon had already taken the action of requiring the reasons to be stated for each sentence imposed for commission of a felony. Or.Rev. Stat. § 137.120(2). This requirement facilitated appellate review of the sentences, which is provided under Oregon law, Or. Rev.Stat. § 138.040. *Garcia*, 288 Or. at 432, 605 P.2d at 681; *State v. Biles*, 287 Or. 63, 70–72, 597 P.2d 808, 812–13 (1979). The requirement also helped the sentencing court to adhere to standards of appropriate and rational sentencing. It was appropriate, in the view of the Supreme Court of Oregon, to extend the same requirement to consecutive sentences for the same reasons. *Garcia*, 288 Or. at 429–32, 605 P.2d at 680–81. Because the trial court had not articulated its reasons for sentencing consecutively in *Garcia*, the case was remanded for resentencing.

 It is obviously appropriate for the appellate courts of Oregon engaged in direct review to insist upon the trial court's stating its reasons for sentencing consecutively. We cannot, however, accept the view that consecutive sentences imposed in accordance with state legislative requirements violate federal due process merely because the sentencing court failed to set forth its reasoning. *Whalen* cannot be read as constitutionalizing every state procedural requirement. Fairly read, the dictum in *Whalen* stands for the proposition that due process does not permit imposition of consecutive sentences when the legislature did not intend them to be applied to the course of criminal conduct in issue. *See Roy v. Watson*, 669 F.2d 611 (9th Cir.), *cert. denied*, 457 U.S. 1108, 102 S.Ct. 2910, 73 L.Ed.2d 1318 (1982); *Fierro v. MacDougall*, 648 F.2d 1259 (9th Cir.), *cert. denied*, 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981). We are satisfied that the consecutive sentences imposed here were "authorized" by Oregon law within the meaning

of *Whalen* and the due process clause. Indeed, *Garcia* itself established that rape and sodomy offenses committed in the same criminal episode could be separately punished. 288 Or. at 432, 605 P.2d at 680.

We note also that Branch's sentencing occurred before the Supreme Court of Oregon decided in *Garcia* that sentencing courts must articulate their reasons for sentencing consecutively. It is true that the Oregon courts have subsequently applied the *Garcia* ruling retroactively to cases that were still in the process of direct review. *State v. Reams*, 47 Or.App. 907, 920, 616 P.2d 498, 505 (1980), *aff'd*, 292 Or. 1, 636 P.2d 913 (1981); *State v. Scott*, 47 Or.App. 791, 795, 615 P.2d 360, 362 (1980). We are not convinced that Oregon would regard its *Garcia* rule as applicable retroactively to cases in which direct review was completed prior to the decision in *Garcia*. We need not reach that question, however, since we have determined that failure to satisfy *Garcia*'s requirement of a statement of reasons does not violate due process.

### III. *Prosecutorial Misconduct*

Branch claims that his fifth amendment right to a fair trial was violated by the prosecutor's improper remarks in closing argument. *See Kelly v. Stone*, 514 F.2d 18 (9th Cir.1975). We disagree. When viewed in context, the prosecutor's statements were not prejudicial and did not result in a constitutional violation.

### IV. *Intent Instruction*

Branch argues that the trial judge's failure to instruct the jury expressly on the intent element of the rape charge was constitutional error. Jury instructions must be reviewed as a whole, and in the context of the overall charge. *United States v. Park*, 421 U.S. 658, 674, 95 S.Ct. 1903, 1912, 44 L.Ed.2d 489 (1975). We agree with the district court that the instructions, read as a whole, adequately informed the jury of the state's burden to prove that Branch acted with the requisite mental state.

### V. *Ineffective Assistance of Counsel*

Branch's final claim is that he was denied his sixth amendment right to effective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970). Branch must show that his counsel's errors or omissions reflect a failure to exercise the skill, judgment or diligence of a reasonably competent attorney. *Cooper v. Fitzharris*, 586 F.2d 1325, 1330 (9th Cir.1978) (en banc), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979). In addition, he must show prejudice to his defense in his attorney's conduct or omissions. *Id.* at 1331.

We have considered all of Branch's claims and find that he has not demonstrated any error or omission leading to such prejudice: the jury was adequately instructed regarding the requisite mental state, the prosecutor's remarks were not improper, and the consecutive sentences were not unconstitutionally imposed. There was consequently no basis on which his trial counsel should have objected.

Branch's attorney did not raise on direct appeal the trial court's failure to articulate its reasons for imposing consecutive sentences. But at the time of Branch's appeal, *Garcia*, which imposed that requirement on the trial courts, had not been decided. It is true that an Oregon statute required the trial court to "state on the record the reasons for the sentence imposed," but the failure to observe that requirement was not established as error requiring resentencing until the decision of *State v. Biles*, 287 Or. 63, 72, 597 P.2d 808, 813 (1979), also decided after Branch's appeal. At the time of Branch's appeal, the existing Oregon authority indicated that an appellate court would interfere with a sentence only if it was clearly mistaken or a clear abuse of discretion. *State v. Dinkel*, 34 Or.App. 375, 386, 579 P.2d 245, 251 (1978). In light of *Dinkel*, the judgment of Branch's attorney not to raise the issue on

direct appeal was the judgment of a reasonably competent attorney.

Branch's claim that his trial counsel failed adequately to explain the effect of taking the stand or to advise him of his constitutional privilege to refrain from testifying is contradicted by his own deposition and by the affidavit of his trial counsel. We are not persuaded that any such omissions occurred.

AFFIRMED.