UNITED STATES of America, Plaintiff–Appellee,

v.

**Kyung Hwan MUN, Defendant–Appellant.**

No. 93–30286.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1994.

July 18, 1994.

As Amended Dec. 19, 1994.

Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, OR, for defendant-appellant.

Jeffrey J. Kent, Asst. U.S. Atty., Eugene, OR, for plaintiff-appellee.

Before: SCHROEDER, BOOCHEVER, and BRUNETTI, Circuit Judges.

BOOCHEVER, Circuit Judge:

Kyung Hwan Mun appeals the district court's denial of his motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) (1988) or, in the alternative, to set aside his sentence for relief under 28 U.S.C. § 2255 (1988). Mun argues that the district court erred when it found that *Brax-ton v. United States*, 500 U.S. 344, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991), did not affect the court's earlier interpretation of the Sentencing Guidelines applied in Mun's case. He also claims that the policy behind the Sentencing Guidelines and due process were violated when the district court refused to change his federal sentence to run concurrently with the state court sentence for the same underlying conduct which was imposed subsequent to the federal sentence. We affirm the decision of the district court.

## BACKGROUND

On October 31, 1989, Kyung Hwan Mun was in a bar in Newport, Oregon, playing cards with friends. Tim Lentz approached Mun and insulted him with racial slurs. A fight outside the bar ensued, and Mun apparently lost badly. When Lentz relented and returned to the bar, Mun went to his car and took out a semiautomatic pistol. He then headed back to the bar, allegedly to retrieve his jacket. Outside the bar, he said "I show you, motherfucker," and fired two shots into the air. He then went into the bar, where he fired three shots before he was subdued by customers in the bar. No one was injured.

Mun was arrested and charged by state prosecutors with attempted murder; he pled guilty to attempting to use unlawfully a dangerous weapon. Or.Rev.Stat. § 166.220 (1989). He was also charged by federal prosecutors with being an ex-felon in possession of two firearms (the pistol used in the bar and an AK–47 assault rifle found in his home) in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (1988).

Mun pled guilty to the federal firearms charge, and was sentenced on May 15, 1990, following an evidentiary hearing. The district court found that Mun had attempted to murder a person in the course of the illegal firearms possession. It therefore referred to United States Sentencing Commission, *Guidelines Manual*, § 2K2.1(c)(2) (Nov. 1989) (since repealed), and cross-referenced Mun's firearm conviction to attempted murder, setting his base offense level at the level

for attempted murder.[1] He was sentenced to 60 months imprisonment, followed by three years supervised release.

At the time of the federal sentencing the state had yet to impose its sentence, and the district court imposed its sentence without reference to the state's prosecution for the same underlying conduct. Mun was subsequently sentenced by the state court to serve five years in prison consecutive to the federal sentence.

Mun's federal sentence was affirmed by the Ninth Circuit. *United States v. Mun,* 928 F.2d 323 (9th Cir.1991). We held that under the preponderance of evidence standard, the evidence was sufficient to conclude that Mun intended to kill; thus the district court's cross-reference to attempted murder to determine the base offense level for Mun's sentence was proper. We also found that the state conviction on charges arising out of the same conduct did not bar application of the Sentencing Guidelines' provisions calling for cross-referencing to the underlying offense. *Id.* at 324.

Mun's petition for rehearing was denied. He later filed a request to recall the mandate, citing the then newly decided Supreme Court decision in *Braxton,* 500 U.S. at 344, 111 S.Ct. at 1854. That request was denied in July, 1991.

In September of 1992, Mun moved the district court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), and, in the alternative, for relief under 28 U.S.C. § 2255. He argued that under *Braxton,* cross-referencing a firearms sentence to attempted murder requires a higher level of proof of intent to murder than a simple preponderance of the evidence. The district court denied the motion and Mun now appeals.

## DISCUSSION

### I. Cross Referencing Attempted Murder Pursuant to § 2K2.1(c)(2) after Braxton

■ Mun first argues that the district court's sentence, cross-referencing attempted murder, should have been modified to cross-reference only aggravated assault. He argues that *Braxton v. United States,* 500 U.S. at 344, 111 S.Ct. at 1854, held that before a sentencing court can cross-reference attempted murder, it must find intent to kill by a higher standard of proof than preponderance of the evidence. He therefore claims that, because the district court found only by a preponderance of the evidence and not by a higher standard of proof that he intended to murder Lentz, his sentence should have been cross-referenced to the lesser crime of aggravated assault.

We cannot agree with Mun's argument that *Braxton* affected the district court's cross-reference to attempted murder pursuant to U.S.S.G. § 2K2.1(c)(2). In *Braxton,* the defendant fired his gun through the opening of his apartment door as United States marshals attempted to enter and arrest him. 500 U.S. at 345, 111 S.Ct. at 1855. Braxton pled guilty to assault on a federal officer and use of a firearm during a crime of violence, but he pled not guilty to the charge of attempting to kill a United States marshal. He agreed to certain stipulated facts which indicated that "[he] shot 'through the door opening' and that the bullet lodged in the 'front [of the] door.'" *Id.* at 350, 111 S.Ct. at 1858.

At sentencing, the district court in *Braxton* referred to U.S.S.G. § 1B1.2(a) (Nov. 1990), which provides an exception to the rule that a defendant's base offense level is ordinarily set by the guideline most applicable to the offense of conviction. Guideline § 1B1.2(a) states: "in the case of a conviction by a plea of guilty ... containing a stipula-

---

1. U.S.S.G. § 2K2.1(c)(2) (Nov. 1989) states:
 If the defendant used or possessed the firearm in connection with commission or attempted commission of another offense, apply § 2X1.1

(Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above.

tion that *specifically establishes* a more serious offense than the offense of conviction, [the court shall apply the guideline] most applicable to the stipulated offense." *Braxton*, 500 U.S. at 346, 111 S.Ct. at 1856 (emphasis added). The district court found that the stipulated facts indicated that Braxton had attempted to kill a federal marshal, and cross-referenced his base offense level accordingly.

The only question considered by the Supreme Court in *Braxton* was "whether a stipulation that at best supports two reasonable readings—one that Braxton shot across the room at the marshals when they entered, and one that he shot across the room before they entered to frighten them off—is a stipulation that 'specifically establishes' that Braxton. attempted to murder one of the marshals." *Id.* at 351, 111 S.Ct. at 1859. The Court interpreted the stipulated facts de novo and found that Braxton's stipulations did not "specifically establish" that he had attempted to murder a federal marshal. Accordingly, the cross-referencing was improper. *Id.* at 350–51, 111 S.Ct. at 1858–59.

*Braxton* is not applicable in Mun's case. *Braxton* involved cross-referencing pursuant to U.S.S.G. § 1B1.2(a) rather than § 2K2.1(c)(2). The inquiry made, therefore, was whether stipulated facts were such that the only reasonable conclusion that could be reached when considering the stipulation was that the cross-referenced offense had been committed. Only then would the offense be "specifically established."

This inquiry is different from the inquiry made pursuant to U.S.S.G. § 2K2.1(c)(2), the section cross-referenced in Mun's case. A sentencing court, pursuant to this guideline, determines in the course of sentencing proceedings whether the "defendant used or possessed the firearm in connection with commission or attempted commission of another offense," and if the court so finds, the defendant is sentenced in the Guideline range for the other offense "if the resulting offense level is greater." U.S.S.G. § 2K2.1(c)(2). Thus, this guideline calls for the sentencing court to make a determination of fact as to whether another offense was attempted or committed. Such ordinary fac-

tual determinations are made under a preponderance of the evidence standard. *Mun*, 928 F.2d at 324. *Cf. United States v. Kikumura*, 918 F.2d 1084, 1100–01 (3d Cir.1990) (standard of proof may be higher when finding of fact results in dramatic departure from Guidelines range, there from 30 months to 30 years).

Thus, where *Braxton* involved the interpretation of the language of a stipulation to find whether an offense was "specifically established," § 2K2.1(c)(2) calls for an ordinary finding of whether a firearm was used in connection with the attempted commission of another offense. The inquiries the sentencing court makes pursuant to these two sections are quite different. *Braxton* therefore is not relevant to the district court's inquiry pursuant to § 2K2.1(c)(2).

Mun contends that a refusal to apply *Braxton* to all attempted murder cross-references will create an inconsistency in the Sentencing Guidelines by treating otherwise identical defendants differently depending on which section of the Guidelines is used to cross-reference. This contention is incorrect. Defendants sentenced pursuant to § 1B1.2(a) are not identical to defendants sentenced pursuant to § 2K2.1(c)(2), and differences in sentencing considerations are to be expected. There is a difference between finding, without any hearing or presentation of evidence, that stipulated facts indicate that a greater offense than the offense pled to was attempted or committed, and making that same finding following an evidentiary hearing.

Accordingly, we hold that the district court did not err when it found that *Braxton* did not affect its cross-reference to attempted murder pursuant to § 2K2.1(c)(2) in determining Mun's base offense level.

## II. State Consecutive Sentence

 Mun argues that his due process rights were violated and that the policy concerns of the Sentencing Guidelines were compromised by the district court's refusal to modify his sentence. We have the discretion to consider these questions, raised for the first time on appeal, if the issues presented are purely questions of law and the record

has been fully developed prior to appeal. *United States v. Bigman*, 906 F.2d 392, 395 (9th Cir.1990). In exercising this discretion, we consider whether the resolution of the issue is clear and whether injustice might otherwise result. *Id.* We choose to exercise our discretion here.

Mun argues that he was deprived of due process when the district court refused to change his sentence after the state court imposed a consecutive sentence for the same conduct that was cross-referenced in the federal sentence. The Due Process Clause, however, does not entitle Mun to concurrent state and federal sentences. A defendant has no right to serve state and federal sentences concurrently, thus due process is not violated when the government deprives a defendant of the opportunity to serve state and federal sentences concurrently. *See United States v. Smith*, 5 F.3d 259, 261 (7th Cir.1993); *see also United States v. Gonzalez-Sandoval*, 894 F.2d 1043, 1051 (9th Cir. 1990) (no due process violation when defendant did not show any actual prejudice from delay in prosecution, although he might have received federal sentence concurrent with state sentence absent the delay). Mun's argument thus is without merit.

Mun next contends that the district court should have changed the federal sentence to make it run concurrently with the state sentence once a state sentence was imposed, because the federal Sentencing Guidelines express a general policy against consecutive sentences for the same underlying conduct. *See* U.S.S.G. § 5G1.3 (Nov. 1987 and 1989).[2] We find that we cannot award the relief Mun requests. Section 5G1.3 provides:

*If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences. In the latter*

case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.3 (emphasis added). Thus, § 5G1.3's provision mandating concurrent sentences applies only if "the defendant is already serving one or more unexpired sentences." At the time the federal court sentenced Mun he was not serving another sentence. The state sentence was imposed after the federal sentence.

Therefore, § 5G1.3 did not require the district court to alter its sentence to make it run concurrently with the state sentence.

### CONCLUSION

The sentencing court properly cross-referenced attempted murder when setting Mun's base offense level; *Braxton v. United States* did not affect the court's inquiry when making this cross-reference. Mun's due process rights were not violated. The decision of the district court is AFFIRMED.

---

2. Mun cites the 1987 Sentencing Guidelines, although it appears that he was sentenced pursuant to the 1989 Guidelines. Because we decide that relief is unavailable to Mun in any case, we do not address whether he should otherwise have been sentenced pursuant to the 1987 Guidelines.