Michael Jerome ISREAL,
Petitioner–Appellant,

v.

Charles D. MARSHALL, Warden,
Respondent–Appellee.

No. 96–16653.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 1997.*

Decided Sept. 25, 1997.

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34–4.

Michael Jerome Isreal, Crescent City, CA, petitioner-appellant, appearing pro se.

Greg Mangani, Deputy Attorney General, San Francisco, CA, for respondent-appellee.

Before: TASHIMA and THOMAS, Circuit Judges, and SEDWICK,** District Judge.

TASHIMA, Circuit Judge:

Appellant Michael Jerome Isreal, a California prisoner, appeals from the district court's denial of his petition for a writ of habeas corpus. He argues that his Fourteenth Amendment right to due process was violated by California's failure to transfer him to Missouri so that he could serve his outstanding Missouri sentence concurrently with his California sentence. We affirm.

## I. BACKGROUND

Appellant escaped from a Missouri prison while serving a 30–year sentence. Sometime after his escape, he made his way to California where he was charged with an unrelated murder. Appellant pled nolo contendre to the California charge and was sentenced to a term of 25 years to life to run concurrently with his outstanding Missouri sentence. He is currently serving his California sentence in a California prison.

Under Missouri law, appellant cannot receive credit against his Missouri sentence for the time he is incarcerated in California. *See* Mo.Rev.Stat. § 558.031(3) (providing that the sentence of a person who escapes from custody in Missouri shall be interrupted until the escapee is returned to a Missouri prison). California law mandates that when any person has been convicted of two or more crimes, the last sentence shall be served concurrently with the earlier-imposed sentence(s), unless the sentencing court de-

---

** The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

termines that it shall run consecutively. *See* Cal.Penal Code § 669. As construed by the California courts, under Penal Code § 669, a California prisoner is entitled to be transferred to the custody of a state in which he has a prior sentence to serve, if that state will not credit him with time served in California. *See In re Stoliker*, 49 Cal.2d 75, 315 P.2d 12 (1957). Therefore, in order to effectuate California's concurrency mandate, California law requires the California Department of Corrections ("CDOC") to permit appellant's transfer to Missouri. *Id.*

Appellant made several written requests to the CDOC asking to be transferred to Missouri pursuant to his rights under *Stoliker*. The CDOC eventually wrote a letter to the Missouri Department of Corrections ("MDOC") informing it that appellant had made such a request and that he was available for transfer to Missouri. Approximately three weeks later, the MDOC wrote back, stating that it would not take custody of appellant until he was paroled from the CDOC. Missouri's refusal to accept custody effectively renders appellant's California and Missouri sentences consecutive.

▮ Appellant petitioned unsuccessfully in California state court for habeas relief. He appealed to the California Supreme Court, which issued a summary denial on the merits. His federal petition was denied by the district court. We review the district court's decision de novo. *See Coley v. Gonzales*, 55 F.3d 1385, 1386–87 (9th Cir.1995).

## II. DISCUSSION

▮ Appellant argues that he has a right to be transferred to Missouri that is protected by the Due Process Clause of the Fourteenth Amendment. We note that such a liberty interest can only arise from state law, because no right to concurrency inheres in the Due Process Clause, *see United States v.*

*Mun*, 41 F.3d 409, 413 (9th Cir.1994), *cert. denied*, 514 U.S. 1077, 115 S.Ct. 1722, 131 L.Ed.2d 580 (1995), nor does that clause confer the right to be incarcerated in a particular state. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983).

## A. The State–Created Right

▮ It is undisputed that appellant has a right under California law to be *permitted* to be transferred to Missouri in order to effectuate concurrency. *See In re Patterson*, 64 Cal.2d 357, 49 Cal.Rptr. 801, 411 P.2d 897 (1966); *Stoliker*, 49 Cal.2d 75, 315 P.2d 12. In light of this precedent, appellant argues that he has a cognizable liberty interest not just in being permitted to return to Missouri, but also in being actually accepted into custody by the MDOC. However, California law does not-and could not-require Missouri, an independent and sovereign state, to accept custody of appellant. California law requires only what is within its power to do: to offer appellant up for transfer to Missouri.[1] *See Patterson*, 49 Cal.Rptr. 801, 411 P.2d at 900; *In re Tomlin*, 241 Cal.App.2d 668, 50 Cal. Rptr. 805, 806–07 (1966).

Thus, California law bestows upon appellant a substantial but limited right: the right to be *tendered* to Missouri for transfer. We assume without deciding that this state-created right rises to the level of a federally protected liberty interest under *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).[2] Even assuming the existence of such a liberty interest, however, we must still determine whether the CDOC's procedures to protect it violated the Due Process Clause. *See Mathews v. Eldridge*, 424 U.S. 319, 334–35, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 18 (1976). We hold that they did not.

---

1. We do not address whether Missouri's refusal to accept appellant violated his rights under Missouri law or whether any such violation would pose federal constitutional problems because those issues are not properly before us.

2. We have little trouble making this assumption since failure to tender appellant for transfer could well "present a case where the State's action will inevitably affect the duration of his sentence," *Sandin*, 515 U.S. at 487, 115 S.Ct. at 2302 and thus would impose an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. at 2300.

## B. The Process That Was Due

The letter that the CDOC wrote to the MDOC made perfectly clear that, as far as California was concerned, appellant was available for transfer to Missouri. Appellant argues, however, that in order to render meaningful his right to be tendered, the letter should have informed Missouri that California was prepared physically to deliver appellant to Missouri's doorstep at California's expense. He points to the "skimpy information" contained in California's letter and contends that California has a "statutory obligation to initiate and render all cost and manpower for the transfer." We disagree.

Contrary to appellant's argument, no such obligation exists under California law. Further, since Missouri flatly refused to accept appellant into custody under any circumstances, we need not decide whether the Due Process Clause would give rise to an obligation on California's part physically to deliver appellant to Missouri, if Missouri had agreed to accept appellant, but simply refused to fund the cost of his transfer. Because there appears to have been nothing else California could have done in order to facilitate appellant's return to Missouri, we cannot say that the letter written by the CDOC fell short of the requirements of the Due Process Clause.

Appellant also argues that his due process rights were violated because California used the wrong form to tender him to Missouri. Apparently, the CDOC normally uses form # CDC1168 to facilitate *Stoliker*

tenders to other jurisdictions. In appellant's case, however, the CDOC did not use that form; instead, it wrote a letter to Missouri from scratch. Although it appears that California did not follow its normal procedures, the substance of the letter communicated all of the information that would have been contained in the form. Therefore, the mere failure to use the usual form did not constitute a due process violation.

Finally, appellant relies upon *In re Cain*, 243 Cal.App.2d 768, 52 Cal.Rptr. 860 (1966), to argue that California's procedure was inadequate because it did not ensure that any response on Missouri's part to California's tender offer was "official." *Cain* is inapposite. That case merely stands for the proposition that a rejection of a transfer tender must be sent directly to the CDOC-as opposed to the would-be transferee's defense attorney-in order to be "official." Here the MDOC did respond directly to the CDOC.

In summary, assuming that appellant's rights under California law give rise to a protected liberty interest, the actions of the CDOC did not violate due process.

The judgment of the district court is **AFFIRMED.**