145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ernie Jermaine SAVANNAH, Defendant-Appellant.
 No. 97-50438.
D.C. No. CR-95-00230-MRP-01.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the Central District of California, Mariana R. Pfaelzer, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Ernie Jermaine Savannah appeals pro se the district court's denial of his motion requesting credit towards his federal sentence for the time spent in state custody. Alternatively, Savannah requested that the district court impose his federal sentence to run concurrent to his state sentence, which the district court denied. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Savannah contends that the district court erred by refusing to give him jail credit against his federal sentence. To the extent that Savannah was asserting a claim under 28 U.S.C. § 2241, his contention lacks merit because Savannah is not entitled to federal credit for time that was applied to his state sentence. See 18 U .S.C. § 3585.
 
 
 4
 Savannah also contends that the district court erred by denying his request that the court impose his federal sentence concurrent with his state sentence. To the extent that Savannah was making a 28 U.S.C. § 2255 motion, his contention lacks merit because Savannah has no constitutional right to serve his federal and state sentences concurrently. See United States v. Mun, 41 F.3d 409, 413 (9th Cir.1994) (holding that a defendant's due proccess rights are not violated if he is deprived of the opportunity to serve federal and state sentences concurrently).
 
 
 5
 To the extent that Savannah was asking the district court to correct a sentencing error, pursuant to Fed.R.Crim.P. 35, the motion was untimely. See Fed.R.Crim.P. 35.
 
 
 6
 Accordingly, the district court did not err by denying Savannah's motion.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All outstanding motions are denied