# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2812

_____

United States of America,    *
                             *
         Appellee,           *    Appeal from the United States
                             *    District Court for the
    v.                       *    Eastern District of Missouri.
                             *
Laura Keevan,[1]             *    [UNPUBLISHED]
                             *
         Appellant.          *

_____

Submitted: February 13, 2002
     Filed: February 28, 2002

_____

Before WOLLMAN, RICHARD S. ARNOLD and BYE, Circuit Judges.

_____

PER CURIAM.

The district court[2] sentenced Laura Keeven to 41 months imprisonment after she pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g). A Missouri trial judge later sentenced Keeven to serve five years in prison for a weapon-flourishing offense arising from the same conduct as the § 922(g) charge. In this appeal, Keeven contends the district court failed to account for her state

_____

[1]Appellant spells her last name "Keeven" in her brief, a usage we adopt herein.

[2]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

sentence in meting out federal punishment. She directs us to U.S.S.G. § 5G1.3(b), which requires a district court to run a sentence concurrent to an as-yet "undischarged term of imprisonment" imposed in state or federal court. Keeven suggests the district court should have run her 41-month federal sentence concurrent to, rather than consecutive to, the five-year sentence imposed in state court.

We find two fatal flaws in Keeven's argument. First, § 5G1.3(b) did not apply because Keeven was not serving an "undischarged term of imprisonment" from the state court when the district court sentenced her. United States v. Mun, 41 F.3d 409, 413 (9th Cir. 1994) ("At the time the federal court sentenced Mun he was not serving another sentence. The state sentence was imposed after the federal sentence. Therefore, § 5G1.3 did not require the district court to alter its sentence to make it run concurrently with the state sentence."); accord United States v. Otto, 176 F.3d 416, 418 (8th Cir. 1999); United States v. Brewer, 23 F.3d 1317, 1319 & n.3 (8th Cir. 1994). Second, we have held that "a district court may impose a federal sentence to be served consecutively to a yet-to-be-imposed state sentence." United States v. Mayotte, 249 F.3d 797, 798-99 (8th Cir. 2001) (per curiam); see United States v. Robinson, 217 F.3d 560, 566 (8th Cir. 2000).

We therefore affirm the sentence imposed by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.