# IN THE SUPREME COURT OF THE STATE OF NEVADA

RYAN KEITH WOOD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75254

FILED

JUN 1 7 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of second-degree murder and first-degree murder with use of a deadly weapon. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

After the district court adjudicated appellant Ryan Wood guilty of two murders, it sentenced him to 10 to 25 years in prison on the first count, 20 to 50 years on the second, and 1 to 10 years for the use of a deadly weapon—all to run consecutively. Wood takes issue with the consecutive sentences on the murder counts, arguing it constitutes cruel and unusual punishment and that the district court abused its discretion in failing to adequately consider mitigating evidence or make explicit findings. We disagree.

This court has consistently afforded district courts wide discretion in criminal sentencing decisions, *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009), and will interfere only where the record demonstrates "prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *id.* (quoting *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976)). Further, the Eighth Amendment of the United States Constitution

19-26041

does not require strict proportionality between crime and sentence, *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (plurality opinion), and a sentence that is within statutory limits will not be considered cruel and unusual unless the statute assigning punishment is unconstitutional "or the sentence is so unreasonably disproportionate to the offense as to shock the conscience," *Chavez*, 125 Nev. at 348, 213 P.3d at 489 (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 222 (1979)).

Wood first takes issue with the district court's comment that the crimes were like "a movie." We conclude, however, that this comment does not show an abuse of discretion, especially when coupled with the district court's other comments indicating that it considered all mitigating evidence presented by Wood. Wood further contends that the district court should have made explicit findings as to which mitigating factors it considered and why they did not warrant a concurrent sentence, but Nevada law does not impose such a requirement. *See* NRS 176.035 (providing the district court with discretion in imposing concurrent or consecutive sentences and not requiring findings in such impositions); *Branch v. Cupp*, 736 F.2d 533, 536 (9th Cir. 1984) (concluding that a defendant's due process rights were not violated merely because the judge failed to articulate specific reasons for imposing a sentence). And, despite the lack of a requirement to do so, the district court nonetheless articulated the factors it weighed before imposing Wood's consecutive sentence, including the nature of the crimes, that the crimes involved multiple victims, Wood's hardships, and the benefit Wood already received when the State removed the death penalty as a possible sentence.

Lastly, the sentences imposed are within the statutory ranges for each offense. *See* NRS 200.010 (defining murder); NRS 200.030

(delineating the degrees of murder and associated penalties); NRS 193.165 (outlining the additional penalty for use of deadly weapon). Thus, we conclude that the district court did not abuse its discretion in sentencing Wood to consecutive prison terms as it acknowledged his compelling mitigating evidence, but still determined a consecutive sentence was appropriate given the fact that Wood committed two unrelated murders on the same day. The sentence also did not constitute cruel and unusual punishment as it fell within the sentencing limits for the crimes Wood was convicted of and does not "shock the conscience" given the circumstances surrounding the murders. *Chavez*, 125 Nev. at 348, 213 P.3d at 489. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:     Chief Judge, The Eighth Judicial District Court
        Eighth Judicial District Court, Dept. 9
        Special Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk